OPINION
GARTH, Circuit Judge:
Appellant UPMC St. Margaret Hospital (“UPMC”) appeals from the order of the United States District Court for the Western District of Pennsylvania granting summary judgment in favor of appellee Kathleen Sebelius, Secretary of the United States Department of Health and Human Services (“Secretary”). For the reasons stated below, we will affirm.
I. Factual and Procedural Background
St. Margaret Memorial Hospital was a Pennsylvania nonprofit corporation that *788 operated an inpatient hospital. Memorial entered into a statutory merger agreement with UPMC St. Margaret Hospital (“UPMC”).
On March 1, 1997, Memorial merged into UPMC. Pursuant to the merger agreement, UPMC assumed all rights, obligations and liabilities of Memorial. App. at 254. At the time of the merger, Memorial had monetary assets totaling $87 million,[1] and liabilities in the amount of $71.6 million. App. at 319. Thus, UPMC received $87 million in monetary assets in exchange for “consideration” of $71.6 million, resulting in a “profit” of approximately $15 million. In addition to acquiring Memorial’s monetary assets, UPMC also acquired Memorial’s depreciable assets, including its land, buildings, and equipment, whose total value was appraised at $36.9 million. Id.
Following the merger, UPMC, acting as Memorial’s successor, submitted a fiscal-year-end claim to Medicare for merger-related reimbursement of losses related to depreciable medical equipment. On September 22, 1999, Veritus Medicare Services, Medicare’s fiscal intermediary (“Intermediary”), issued a Notice of Program Reimbursement that disallowed the claimed losses of just over $13 million. App. at 234-45.
UPMC subsequently appealed the Intermediary’s denial of its claim to the Provider Reimbursement Review Board (“PRRB”). In a decision dated May 26, 2006, the PRRB reversed the Intermediary’s decision and ruled that UPMC’s claim should be allowed. App. at 136-44.
That decision was appealed to the Administrator of the Center for Medicare and Medicaid Services, who reversed the PRRB and once again denied UPMC’s claim, basing his decision on findings that the sale was not bona fide and the parties were related due to Memorial’s significant control over UPMC following the merger. App. at 10-31. The Secretary declined to exercise review over the Administrator’s ruling, thus rendering it a “final decision” pursuant to 42 U.S.C. § 1395oo(f)(l).
UPMC thereafter sought judicial review of the Secretary’s decision in the District Court for the Western District of Pennsylvania. On July 27, 2007, a United States Magistrate Judge issued a report recommending that UPMC’s motion for summary judgment be denied. On September 4, 2007, the District Court issued an order adopting the report and denying UPMC’s motion.
On September 17, 2007, the Secretary moved for summary judgment based upon the legal rulings made in the report and adopted by the District Court. On November 5, 2007, the Magistrate Judge issued a second report recommending that the Secretary’s motion for summary judgment be granted. On December 12, 2007, 2007 WL 4389842, the District Court entered an order granting the Secretary’s motion for summary judgment in favor of the Secretary and against UPMC. UPMC timely appealed.
II. Jurisdiction and Standard of Review
The District Court had jurisdiction pursuant to 42 U.S.C. § 1395oo(f)(l). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.
Our review of agency action is governed by the Administrative Procedures Act, 5 *789 U.S.C. § 701, et seq. (“APA”). We may only set aside agency actions, findings, and conclusions that are “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law” or “unsupported by substantial evidence.” APA § 706(2)(A), (E). “Substantial evidence is ‘more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.’ ” Mercy Home Health v. Leavitt, 436 F.3d 370, 380 (3d Cir.2006) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Under the “substantial evidence” standard, the agency’s factual findings “must be upheld unless the evidence not only supports a contrary conclusion, but compels it.” Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir.2001).
III. Statutory and Regulatory Framework
Under the Medicare Act, 42 U.S.C. § 1395 et seq., Medicare service providers such as Memorial are entitled to be reimbursed for the reasonable cost of the services they provide under the Medicare program. 42 U.S.C. § 1395f(b)(1). The Act grants power to the Secretary to promulgate regulations establishing the proper methods for calculating such costs. Id. § 1395x(v)(1)(A).
One such regulation states that a provider such as Memorial may claim reimbursement for depreciation on its buildings and equipment to the extent that they are used in the provision of care to Medicare patients. 42 C.F.R. § 413.134(a). In general, reimbursement is calculated by prorating the original cost of the asset over the asset’s “estimated useful life,” and then estimating a percentage of that amount attributable to Medicare services. Id. § 413.134(a)(3). However, where, as in the instant case, assets are sold in the course of a statutory merger, § 413.134(k) provides that the estimated amount is subject to a loss or gain adjustment depending on the value of the depreciable assets as determined by the amount for which they were “sold.” An adjustment is available only if the merger (1) qualifies as a bona fide sale, and (2) was between “unrelated parties” as defined by 42 C.F.R. § 413.17. Albert Einstein Med. Ctr. v. Sebelius, 566 F.3d 368, 376-78 (3d Cir.2009).
IV. Discussion
In the instant case, the Secretary denied UPMC’s claim for reimbursement because, inter alia, she found that merger did not qualify as a bona fide sale.[2] App. at 31. The Secretary based her ruling primarily on the fact that “[e]ven if the value of the depreciable assets are not considered, UPMC[’s] assumption of [Memorial’s] debt ... was $15 million less than [Memorials current and monetary assets alone,” id. (emphasis added), and thus, “[t]his purchase price cannot be considered reasonable consideration and, thus, the transaction did not constitute a bona fide sale.”[3] Id.
*790 UPMC argues that the Secretary inappropriately utilized the “book value” of Memorial’s depreciable assets when assessing the disparity in consideration, and instead should have looked to the fair market value of the assets in question. Br. of Appellant at 58. However, as the Secretary notes, Br. of Appellee at 29, regardless of how the $86.9 million (book-valued) depre-ciable assets would be valued in the fair market, it is certain that their worth would far exceed the amount that UPMC paid for them.[4]
Moreover, we need not even reach the issue of the true value of Memorial’s de-preciable assets. The $15 million disparity between the purchase price and the acquired monetary assets is an undisputed fact that is clearly stated in the record, see App. 319-21, and that alone constitutes substantial evidence to support the Secretary’s determination that the merger was not a bona fide sale. See Einstein, 566 F.3d at 378-79 (holding that a material disparity between the purchase price and the acquired monetary assets constitutes substantial evidence that a merger was not a bona fide sale); Robert F. Kennedy Med. Ctr., 526 F.3d 557, 563 (9th Cir.2008) (same); Via Christi Reg’l Med. Ctr. v. Leavitt, 509 F.3d 1259, 1276-77 (10th Cir.2007) (same).
Based on the foregoing, we conclude that the Secretary’s determination that the merger did not constitute a bona fide sale was based on substantial evidence, and therefore that she correctly denied UPMC’s reimbursement claim. “Because this is an independent ground upon which the [Secretary] denied the claim, we need not address whether the parties were “related” within the meaning of 42 C.F.R. § 413.17, and decline to do so.” Einstein, 566 F.3d at 380.
Y. Conclusion
The District Court correctly granted summary judgment in favor of appellee Secretary and against appellant UPMC, and we will affirm its judgment.

. This amount includes $84 million in cash-based monetary assets and $3 million in "other” monetary assets. App. at 319.

. The Secretary also denied reimbursement on the independent grounds that the merger was a related party transaction. App. 29. However, we need not reach the Secretary's determination on the related party issue, because the bona fide sale issue is dispositive. See Einstein, 566 F.3d at 376 (citing Robert F. Kennedy Med. Ctr. v. Leavitt, 526 F.3d 557, 563 (9th Cir.2008)).

. The Secretary also noted additional facts supporting her determination, including: (1) the fact that Memorial failed to obtain an appraisal of its depreciable assets prior to the closing date of the merger, indicating that Memorial was "not concerned with receiving reasonable consideration for its depreciable assets;" as well as (2) the absence of any documentation as to the basis for Memorial's conclusion that the assumption of its debt was fair consideration for its (significantly more valuable) monetary assets. App. at 31.

. Since UPMC paid $71.6 million for Memorial and in return received more than that amount in monetary assets alone, UPMC effectively received Memorial's depreciable assets for free.